UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------
In re

DONALD J. SMITH                                    06-00249 B

              Debtor                              **DECISION & ORDER**
-----------------------------------------------------

                    John H. Ring III, Esq.
                    385 Cleveland Drive
                    Cheektowaga, New York 14215
                    Attorney for Chapter 7 Trustee

                    Mikienis & Mikienis, P.C.
                    Christopher J. Mikienis, Esq., of counsel
                    5838 Main Street
                    Williamsville, New York 14221
                    Attorneys for Debtor

Bucki, U.S.B.J.

      Since October 17 of 2005, section 521(a)(1)(B)(iv) of the Bankruptcy Code has imposed upon debtors a duty to file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." Further, to enforce this duty, Congress adopted 11 U.S.C. § 521(i)(1). Subject to exceptions not here relevant, this section provides that "if an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1) within 45 days after the date of the filing of the petition, the case shall be automatically dismissed effective on the 46th day after the date of the filing of the petition."

      Notably, sections 521(a)(1)(B)(iv) and 521(i)(1) are less than fully congruous. Although the earlier section imposes a duty to file "evidence", the latter section links dismissal to a failure to file "information." This inconsistency has invited argument in

the instant case, that even though the debtors may have failed to file particular payment advices, they nonetheless have otherwise supplied "all of the information" that those documents would have contained.

Donald J. Smith filed a petition for relief under chapter 7 of the Bankruptcy Code on February 16, 2006, but he failed to file the required payment advices until April 11. In as much as this later filing occurred more than 45 days after the commencement of bankruptcy, the chapter 7 trustee brought the present motion for an order dismissing the case. In response, the debtor notes that with his petition, he filed the Official Form for Schedule I, that being a statement of current income. Mr. Smith argues that this schedule effectively incorporates the information that was contained in his payment advices, and that the payment advices provide no material additions.

The standard of section 521(i)(1) is not one of materiality or substantial compliance. Rather, this section requires dismissal unless the debtor has supplied not just some, but "all of the information" from the payment advices. Here, Smith's income schedule shows a monthly income of $1,588 and withholdings for payroll taxes and social security of $121.20 per month. In contrast, the payment advices show a regular income of $330 per week (or $1,320 for a four week period), as well as weekly tax and social security withholdings of $64.26 (or $257.04 for a four week period). Thus, his "Schedule I" significantly overstates income, but significantly understates withholdings. Further, the Income Schedule omits reference to other deductions, such as for medical and dental insurance. Together, these errors combine to overstate the debtor's net monthly income.

Typically, a chapter 7 trustee would look for any understatement of net income, and would probably have no reason for concern about the kinds of discrepancies that exist between Mr. Smith's income schedule and his payment advices. Nonetheless, section 521(i)(1) avoids any such issue of relevance. Within the time frame specified

in this statute, Donald J. Smith simply failed to provide "all of the information" to be found on his payment advices. Thus, his case was automatically dismissed as of the 46th day after the filing of his bankruptcy proceeding.

Section 521(i)(2) of the Bankruptcy Code states that upon the request of any party in interest, the court shall enter an order which will essentially confirm the dismissal of a case that has been automatically dismissed under section 521(i)(1). Here, the chapter 7 trustee qualifies as such a party in interest. Accordingly, the court will grant his motion for an order dismissing this bankruptcy proceeding.

So ordered.

Dated:     Buffalo, New York                                      /s/   CARL L. BUCKI
           October 3, 2006                                                U.S.B.J.